**In the District Court of the United States
For the District of South Carolina**
BEAUFORT DIVISION

Bobby Alfred Lyles, )
                                       ) Civil Action No. 9:06-2984-MBS-GCK
             Plaintiff, )
                                       )
     vs. ) **REPORT OF MAGISTRATE JUDGE**
                                       )
Lt. Shane Kitchens, )
                                       )
             Defendant. )
_____)

      The Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. The Plaintiff, who at the time this action was filed was housed at the Newberry County Detention Center, located in Newberry County, South Carolina, is now a "former" inmate of that facility. Plaintiff, proceeding pro se, appears to raise several claims related to the administration of the "good time" credits that he received, or was to receive, while confined at the Newberry County Detention Center.

      In his Complaint, Plaintiff states that "I would like to receive credit for the good time earned and continue to earn working 8 hours a day, 7 days a week in the kitchen, or I would like to have my work release reinstated." [Plaintiff's Complaint, p.5]. Plaintiff, to support his request for relief, asserts that he was originally sentenced to six (6) months incarceration at the Newberry County Detention Center for failure to pay child support, and that he was allowed by the sentencing court to participate in work release.

      Plaintiff then asserts that doing work release did not afford him good time credit, while being an inmate worker should allow him to receive "good time" credit. Plaintiff admits that at the time he was placed in "max" he had no "good time" credits, and that he was "day for day" in serving his sentence. Plaintiff believes that he was double punished for the "taking of good time credits I had yet to even qualify for." [Plaintiff's Complaint (emphasis added)]. Finally, Plaintiff

states that he never received a disciplinary hearing nor any official paperwork stating that disciplinary proceedings were being undertaken.

As demonstrated by the attached Affidavit of Sharon J. McClanahan (Exhibit 1 attached to Defendant's Motion for Summary Judgment), a review of the relevant detention center records reveals that the Plaintiff was sentenced and incarcerated for six months to be served "day for day" on July 25, 2006, and that he was originally to be released on January 20, 2007. Instead, based on good time credits awarded, Plaintiff was released from custody three months and nine days later, on November 3, 2006.

It is well settled law that an actual controversy must exist throughout the proceeding and not just at the time the pleadings are filed. *Steffel v. Thompson*, 415 U.S. 452 (1974). Plaintiff must show: (1) an actual or threatened injury resulting from Defendant's conduct; (2) that the injury is traceable to the alleged conduct of the Defendant; and, (3) the injury is capable of being redressed by a favorable decision against the Defendant. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464 (1982).

On the present facts, it is clear that the Plaintiff was not only released, but was released ahead of the ordered "day for day" sentence, based on his receipt of the very "good time" credits that he asserts that he was denied. Plaintiff has not requested monetary relief, but instead injunctive or declaratory relief to compel the receipt of "good time" credits towards the service of his sentence.

Since the Plaintiff did not seek monetary damages, and he has been released from the Detention Center, it is clear as a matter of law that there is no justiciable controversy that remains between the Plaintiff and the Defendant. See *Williams v. Griffin*, 952 F. 2d 820 (4th Cir. 1991); *Magee v Waters*, 810 F.2d 451 (4th Cir. 1987); *Taylor v. Rogers*, 781 F.2d 1047 (4th Cir. 1986) (wherein claims for injunctive relief made by an inmate plaintiff become moot upon the plaintiff's release from custody, when the plaintiff was no longer subject to the complained of

condition ); see also *Ross v. Reed*, 719 F. 2d 689 (4th Cir. 1983) (wherein release may also bar the issuance of a declaratory judgment).

Defendant would assert that upon the Plaintiff's release from custody, the conditions complained of by the Plaintiff no longer existed, therefore, the Plaintiff Complaint was made moot. This Court agrees, and recommends that this action be dismissed as moot.

As another ground for recommended dismissal, the undersigned notes that on January 9, 2007, the Defendant filed a motion for summary judgment. On January 10, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), an order was issued and mailed to the Plaintiff's last known address Newberry County Detention Center, 3239 Louis Rich Road, Newberry, South Carolina 29108, advising him of the summary judgment procedure and the possible consequences if he failed to respond adequately. The envelope containing this order was returned to the court as the Plaintiff is apparently no longer incarcerated at Newberry County Detention Center. The Plaintiff was released from Newberry County Detention Center on November 3, 2006. See Exhibit A attached to Defendant's motion for summary judgment.

The record reveals that the Plaintiff was advised by order dated October 23, 2006 of his responsibility to notify the court *in writing* if his address changed. To date the Plaintiff has failed to provide this Court of his change of address.

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is also recommended that this action be dismissed for lack of prosecution.

George C. Kosko
United States Magistrate Judge

January 26, 2007
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).