IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Alfred Lyles, ) | |
| ) | C/A No.: 9:06-2984-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Lt. Shane Kitchens, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Bobby Alfred Lyles, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. At the time of the underlying events, Plaintiff was detained at the Newberry County Detention Center (NCDC) in Newberry, South Carolina. Defendant Lt. Shane Kitchens is a deputy sheriff serving at NCDC. Plaintiff asserts that he was placed in maximum security without a disciplinary hearing and, as a result, lost the possibility of earning good time credits. Plaintiff contends he was denied his constitutional right to due process. Plaintiff seeks reinstatement of good time credits or his work release position.

This matter is before the court on Defendant's motion for summary judgment filed January 19, 2007. Defendant contends, among other things, that the within action is moot because Plaintiff no longer is incarcerated. By order filed January 10, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. A copy of the Roseboro order was sent to Plaintiff at his last known address at 3239 Louis Rich Road, Newberry, South Carolina 29108. The envelope containing Plaintiff's copy of the Roseboro order was returned to the Office of the Clerk of Court on January 23, 2007, marked "RETURN TO SENDER. NOT AT THIS FACILITY."

In accordance with 28 U.S.C. § 636(b), this matter was referred to United States Magistrate

Judge George C. Kosko for pretrial handling. On January 26, 2006, the Magistrate Judge filed a Report of Magistrate Judge in which he recommended that Defendant's motion for summary judgment be granted on the ground that the within action is moot. The Magistrate Judge further recommended that the case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

On February 7, 2006, the Clerk of Court mailed a copy of the Report of Magistrate Judge to Plaintiff at his last known address at 3239 Louis Rich Road, Newberry, South Carolina 29108. The envelope containing Plaintiff's copy of the Report of Magistrate Judge was returned to the Office of the Clerk of Court on February 5, 2007, marked "RETURN TO SENDER DUE TO INSUFFICIENT RETURN ADDRESS. Must have FULL name and address. No Initials." Upon inquiry, NCDC personnel confirmed to the Clerk of Court's office that Plaintiff has been released.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff was advised by order filed October 23, 2005 of his responsibility to notify the court *in writing* if his address changed. Plaintiff was informed that his case could be dismissed for failing to comply with the court's order. It appears that Plaintiff no longer wishes to pursue this action. Accordingly, the court adopts the Magistrate Judge's recommendation that the case be dismissed pursuant to Rule 41(b). The court within action hereby is dismissed pursuant to Rule 41(b) *with*

*prejudice.*

    **IT IS SO ORDERED**.

                                        /s/ Margaret B. Seymour
                                        United States District Judge

February 7, 2007

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**